IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:21-CR-209-LO-1 |
| DAQUAN TEAMER, ) | |
| ) | Sentencing: June 24, 2022 |
| Defendant. ) | |

## GOVERNMENT'S POSITION ON SENTENCING

The defendant, Daquan Teamer, comes before the Court for sentencing after pleading guilty to being a felon in possession of a firearm and ammunition. As properly calculated in the Presentence Investigation Report, the Sentencing Guidelines recommend that the defendant be sentenced to a term of imprisonment between 30 and 37 months. The Government recommends that the Court sentence the defendant to 30 months—the low end of the guidelines range.

A guidelines sentence is appropriate in this case. This is the third conviction that the defendant has sustained for a firearms offense in the last four years. He committed two of those offenses (including this offense) while on probation or supervised release. In committing this offense, the defendant procured two other individuals to participate in an illegal straw-purchase conspiracy to obtain for him a handgun and ammunition that the law prohibited him from possessing. Under these circumstances, a guidelines sentence is necessary to deter the defendant from possessing firearms in the future, to protect the public from the defendant, to promote respect for the law, and to reflect the seriousness of and provide just punishment for the offense.

### BACKGROUND

A. **The Defendant's Prior Criminal History**

The defendant is a 22-year-old lifelong resident of Washington, D.C. *See* Presentence

Investigation Report ¶¶ 63-64 (June 13, 2022) (Dkt. No. 71) (hereinafter, "PSR"). In 2018, the defendant was arrested for and convicted in the D.C. Superior Court of carrying a pistol without a license outside of his home or business. *See id.* ¶ 53. He was sentenced to six months of imprisonment, but the entire term was suspended, and he was placed on two years of probation. *See id.*

In 2019, while still on probation, the defendant was engaged in a personal dispute in which he brandished and threatened victims with a firearm. *See id.* ¶ 54. For that incident, the defendant was convicted of two offenses in D.C. Superior Court: (1) attempted assault with a dangerous weapon and (2) unlawful possession of a firearm. *See id.* The defendant was sentenced to twelve months of imprisonment and one year of supervised release for both convictions, with the sentences running concurrently. *See id.* In addition, the defendant had his probation revoked for his 2018 offense and was sentenced to a consecutive 6-month term of imprisonment. *See id.* ¶¶ 53-54.

The defendant was released from confinement in September 2020, at which time his one-year term of supervised release began. *See id.* ¶ 54.

B. **The Defendant's Offense Conduct**

While on supervised release, the defendant engaged in the criminal conduct that resulted in this prosecution. On June 27, 2021, the defendant, who could not legally possess a firearm because he was a convicted felon, paid co-defendant Ige Moje Wilson to purchase a firearm for him. *See* Statement of Facts ¶ 2 (Mar. 1, 2022) (Dkt. No. 69) (hereinafter, "SOF"). That day, the defendant, Wilson, and another co-conspirator, Bryanna Williams, drove to the Silver Eagle Group, a federal firearms licensee in Ashburn, Virginia. *See* PSR ¶¶ 24, 26. The defendant and Wilson went into the store, where the defendant selected the desired firearm—a Glock 27, GEN

2

5, .40 caliber pistol (hereinafter, the "Glock"). *See* SOF ¶¶ 2-4.

After selecting the firearm, the defendant left the store while Wilson purchased it with funds that he provided her. *See id.* Wilson completed an ATF Form 4473 in which she falsely stated that she was the actual buyer of the Glock. *See id.* ¶ 4. At the defendant's direction, Wilson also purchased a 20-count box of Hornady AM Gunner ammunition and two additional firearm magazines. *See id.* Upon completing the purchase, Wilson provided the Glock and ammunition to the defendant. *See id.* The defendant gave Wilson an additional $400 for her efforts. *See id.* ¶ 2.

Less than a week later, on July 1, 2021, law enforcement officers stopped a party bus in Washington, D.C. *See* SOF ¶ 5; PSR ¶ 22. The defendant and other convicted felons were on the bus at the time of the stop. *See* PSR ¶ 22. During a search of the bus, law enforcement recovered the Glock, which had been in the defendant's physical possession that day. *See* SOF 5.

    **C.**    **Procedural History**

On August 24, 2021, the government charged the defendant, Wilson, and Williams by criminal complaint with knowingly making a false statement in relation to the purchase of a firearm, in violation of 18 U.S.C. §§ 924(a)(1)(A) and 2, and transfer of a firearm to another person without a license, in violation of 18 U.S.C. § 922(a)(5) and 2. *See* PSR ¶ 1. The defendant, Wilson, and Williams were arrested three days later. *See id.* ¶ 2. The defendant was ordered detained pending trial. *See id.* ¶¶ 2-3.

About one month later, on September 23, 2021, a grand jury returned a three-count Indictment. *See id.* ¶ 4. The Indictment charged the defendant and Wilson with conspiracy to make false statements to a federal firearms licensee, in violation of 18 U.S.C. § 371, and making

a false statement to a federal firearms licensee, in violation of 18 U.S.C. §§ 924(a)(1)(A) and 2. *See id.* In addition, the Indictment charged the defendant with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). *See id.* A superseding indictment returned on January 12, 2022, charged the defendant with the same three counts. *See id.* ¶ 6.

On March 1, 2022, the defendant pleaded guilty to Count 3 of the Superseding Indictment charging him with being felon in possession of a firearm and ammunition. Pursuant to a plea agreement entered into with the defendant, the government agreed to dismiss the remaining counts at the conclusion of his sentencing hearing. *See* Plea Agreement, at 5 (Mar. 1, 2022) (Dkt. No. 68).

Meanwhile, Wilson and Williams, the co-defendants, have pleaded guilty and already been sentenced. On September 21, 2021, Williams entered a preindictment plea to a single-count criminal information charging her with conspiracy to make false statements in relation to the purchase of firearms, in violation of 18 U.S.C. § 371. *See* PSR ¶ 20. On October 1, 2021, Wilson pleaded guilty to Count 1 of the Indictment charging her with conspiracy to make false statements in relation to the purchase of firearms, in violation of 18 U.S.C. § 371. *See id.* ¶ 21. The Court sentenced both Wilson and Williams to two years of probation. *See id.* ¶¶ 20-21.

## DISCUSSION

As noted, the defendant stands convicted of a single count of unlawful possession of a firearm and ammunition having been convicted of a crime punishable by a term of imprisonment exceeding one year. *See* 18 U.S.C. § 922(g)(1). This offense carries a maximum term of imprisonment of ten years, *see id.* § 924(a)(2), a maximum fine of $250,000, *see id.* § 3571(b)(3), and a maximum term of supervised release of three years, *see id.* § 3583(b)(2).

In imposing a sentence within the statutory range, the Court must consider the factors set forth in § 3553(a).  These factors require the Court to consider the Sentencing Guidelines, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  *Id.* § 3553(a)(1), (4)-(6).  The sentence should be "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, protect the public from further crimes of the defendant, afford adequate deterrence to criminal conduct, and provide the defendant with necessary training and treatment.  *Id.* § 3553(a)(2).  As explained below, a term of imprisonment of 30 months is sufficient but not greater than necessary to achieve these goals.

A. **A Term of Imprisonment of 30 Months Is Consistent with the Sentencing Guidelines.**

Section 3553(a) requires the Court to consider the Sentencing Guidelines when sentencing a defendant.  *See* § 3553(a)(4).  Despite their advisory nature, the guidelines remain "the 'starting point' and 'initial benchmark' for sentencing."  *United States v. Davis*, 855 F.3d 587, 595 (4th Cir. 2017) (quoting *Beckles v. United States*, 137 S. Ct. 886, 894 (2017)).  While the guidelines do not constrain the Court's discretion, they nevertheless guide that "discretion by serving as 'the framework for sentencing.'"  *Beckles*, 137 S. Ct. at 894 (quoting *Peugh v. United States*, 569 U.S. 530, 542 (2013)).

The Government recommends that the Court adopt the guidelines calculation in the PSR.  As reflected in the PSR, the defendant's base offense level is 20 because he committed the offense after sustaining a felony conviction for a crime of violence, namely, attempted assault with a dangerous weapon.  *See* PSR ¶ 41; U.S.S.G. § 2K2.1(a)(4)(A); *United States v. Brown*, 892 F.3d 385, 401-04 (D.C. Cir. 2018) (holding that attempted assault with a dangerous weapon

5

under D.C. law is a crime of violence). The Government agrees that the defendant is entitled to a three-level reduction of his offense level due to his timely acceptance of responsibility.[1] *See* U.S.S.G. § 3E1.1; Plea Agreement, at 3. As a result, the defendant has a total offense level of 17.

As explained in the PSR, the defendant has six criminal history points—two for his 2018 conviction, two for his 2019 convictions, and two for committing this offense while on supervised release. *See* PSR ¶¶ 53-56. His six points make him a criminal history category III. Where a defendant is a criminal history category III and has a total offense level of 17, the Sentencing Guidelines recommend 30 to 37 months of imprisonment. The Government's recommendation of 30 months is at the low end of that range.

    **B.**    **The Other § 3553(a) Factors Support the Recommended Sentence.**

The defendant's history and characteristics call for a guidelines sentence in this case. As discussed above, the defendant's criminal history reflects a disturbing pattern of firearm offenses leading up to this conviction. In 2018, he was convicted for unlawfully carrying a pistol. In 2019, he was convicted of attempted assault with a dangerous weapon (a firearm) and unlawful possession of a firearm. And in 2021, less than a year after being released from confinement for those offenses, the defendant committed this offense by procuring another person to buy him a handgun and ammunition, and then illegally possessing that handgun and ammunition. Despite multiple opportunities, the defendant simply has not learned his lesson or been deterred from

---

[1] The defendant timely notified the Government of his intention to plead guilty, thereby assisting authorities in the prosecution of his own misconduct. Accordingly, if the Court determines that the defendant has accepted responsibility so as to earn the two-level reduction in U.S.S.G. § 3E1.1(a), the Government moves the Court to adjust his offense level downward by an additional one level pursuant to § 3E1.1(b).

illegally possessing a firearm. His history of recidivism underscores the need for a substantial sentence to deter him and protect the public.

The defendant, moreover, has demonstrated that supervised release would offer insufficient deterrence or protection of the public. As described above, he committed his 2019 offenses, including an attempted assault with a firearm, while on probation for his 2018 firearm offense. He then engaged in the criminal conduct leading to this conviction—the straw purchase and unlawful possession of the Glock—while on supervised release for the 2019 offenses. As the defendant's actions reflect, supervised release would be an ineffective substitute for incarceration.

The nature and circumstances of the offense also warrant a guidelines sentence in this case. The defendant has been convicted of a serious crime. "In enacting § 922(g)(1), 'Congress sought to keep guns out of the hands of those who have demonstrated that they may not be trusted to possess a firearm without becoming a threat to society.'" *United States v. Gilbert*, 430 F.3d 215, 220 (4th Cir. 2005) (quoting *Small v. United States*, 544 U.S. 385, 393 (2005)). The defendant fits those concerns perfectly. The facts underlying his prior conviction of attempted assault with a dangerous weapon show that he cannot be trusted to possess a firearm without becoming a threat to society. Nevertheless, the defendant actively circumvented the legal restrictions that precluded him from possessing a firearm, and in doing so, he used other individuals to engage in criminal conduct on his behalf.

Finally, a guidelines sentence in this case would not create unwarranted sentencing disparities. The defendant is not similarly situated to his co-defendants, Wilson and Williams, who received probation for their roles in the conspiracy. Unlike the defendant, neither Wilson nor Williams had any prior convictions. The defendant, in contrast, was already a felon who has

been convicted of a string of firearm offenses. The defendant, moreover, is the more culpable co-conspirator in the straw-purchase conspiracy. He is the one who procured the straw purchase of the Glock and supplied the funds for the purchase. For these reasons, the defendant is not deserving of the same leniency afforded to Wilson and Williams.

## CONCLUSION

For the foregoing reasons, the Court should sentence the defendant to a term of imprisonment of 30 months.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____/s/_____
Thomas W. Traxler
Ronald L. Walutes, Jr.
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone (703) 299-3746
Facsimile (703) 299-3980
Thomas.traxler@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of June, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

                                                                                                                     /s/

                                                                                      Thomas W. Traxler
                                                                                      Assistant United States Attorney